## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHAUNCEY E. HOWARD,

      Plaintiff,

      v.                            CASE NO.  16-3198-SAC-DJW

NOLA TEDESCO FOULSTON, et al.,

      Defendants.

### NOTICE AND ORDER TO SHOW CAUSE

Plaintiff Chauncey E. Howard is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff was incarcerated at the time of filing at the Winfield Correctional Facility in Winfield, Kansas. Plaintiff filed a Complaint (Doc. 1), alleging the following.   Plaintiff was convicted of aggravated battery in the Sedgwick County District Court and sentenced to 29 months in prison. On appeal, the Kansas Court of Appeals reversed and remanded the case for a new trial.   On retrial, Plaintiff was convicted of a Class A misdemeanor and sentenced to a six-month sentence in the Sedgwick County Jail.   Plaintiff had served 23 months in the Kansas Department of Corrections.   Plaintiff's single-count Complaint claims that he was wrongfully convicted and sentenced as a result of his original trial.  Plaintiff claims he was denied his constitutional rights under the 4th, 6th, 8th and 14th Amendments when he was charged with a felony aggravated

assault and sent to prison when he should have been incarcerated at the county jail with a Class A misdemeanor.  Plaintiff's request for relief seeks $1,000,000 in monetary damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  *Improper Defendants*

Plaintiff improperly failed to name all defendants in the caption of his Complaint. Nonetheless, the Court has liberally construed his Complaint and has considered his claims against the following individuals who are plainly described as defendants elsewhere in the Complaint:  Nola Tedesco Foulston, District Attorney; Marc Bennett, Assistant District Attorney; Mark T. Rudy, Public Defender; George Stephens, Sedgwick County Presentence Investigator; Julie A. Koon, Assistant District Attorney; and Geogeory [sic] Waller, District Court Judge.  Plaintiff sues all defendants in their individual and official capacities.

### A.  Eleventh Amendment Immunity

Plaintiff sues all defendants in their official capacity.  An official-capacity suit is another way of pleading an action against the governmental entity itself.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment."  *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted).  Sovereign immunity generally bars actions in federal court for damages against state officials acting in their official capacities.  *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001).  It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983.  *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

The bar also applies when the entity is an arm or instrumentality of a state. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).  In determining whether an entity is an instrumentality or arm of the state for purposes of Eleventh Amendment immunity, the Tenth Circuit has established a two-party inquiry, requiring an examination of:  (1) "the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state," and (2) "the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing."  *Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir. 1997) (citations omitted).  "The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury."  *Id.* (citations omitted).

Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals.  *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3.  The legislature defines "state agency," for purposes of the state workers' compensation fund, as "the state, or any department or agency of the state, but not including . . . the district court with regard to district court officers or employees whose total salary is payable by counties." K.S.A. 44–575(a).  The only court personnel who are not included in the judicial personnel pay system, and are instead paid by the county, are county auditors, coroners, court trustees and personnel in each trustee's office, and personnel performing services in adult or juvenile detention or correctional facilities.  K.S.A. 20–162(a), (b).  District court judges are state officials.  *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D.

Kan. 2004), *see also Sigg v. Dist. Court of Allen Cty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims against judge for money damages are barred). A county district attorney's office, "to the extent that it is an entity that can be sued, is a branch or agency of the state under applicable law and, therefore, is also immune under the Eleventh Amendment." *Collins v. McClain*, 207 F. Supp. 2d 1260, 1263 (D. Kan. 2002) (citations omitted); *see also White v. Blackwell*, 343 F. App'x 341, 342 (10th Cir. 2009) (damage claim against county prosecutor in her official capacity barred by Eleventh Amendment immunity); *McCormick v. Bd. of Cty. Comm'rs of Shawnee Cty.*, 24 P.3d 739, 746 (Kan. Ct. App. 2001) ("In Kansas, district attorneys are officers of the State.").

The official capacity claims against the state officials for monetary damages are barred by sovereign immunity. Furthermore, state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

### B. Personal Immunity

Plaintiff also sues all defendants in their personal capacities. The state officials also enjoy personal immunities. "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'" *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claim against Defendant Waller is dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating

broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).  Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity.  *Stump*, 435 U.S. at 356–57.  Plaintiff alleges no facts whatsoever to suggest that Defendant Waller was acting outside his judicial capacities.

Likewise, the county prosecutors are entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994).  A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. *Imbler*, 424 U.S. at 430.  They are also entitled to absolute immunity on decisions whether to prosecute.  *Burnette v. Kansas*, 485 F. App'x 288, 290 (10th Cir. 2012) (citing *Imbler*, 424 U.S. at 430).

Plaintiff's only allegations are that Defendant Koon prosecuted the case against him and Defendants Foulston and Bennett supervised Koon.  Plaintiff has failed to allege any actions taken by these defendants that are outside their performance of functions related to the judicial phase of the criminal process.

Plaintiff's only allegation of personal participation by Defendant Stephens, the Sedgwick County Presentence Investigator, is that he prepared the PSI.  When the challenged activities of a probation officer are intimately associated with the judicial phase of the criminal process, they are entitled to absolute immunity.  *Tripati v. U.S.I.N.S.*, 784 F.2d 345, 348 (10th Cir. 1986) (finding that probation officers who assist in the decision whether to order pretrial release and in the selection of an appropriate sentence are an important part of the judicial process and entitled

to immunity).  When preparing a presentence report "it is evident . . . that the probation service is an arm of the court.  It is not an investigative arm for the prosecution.  A presentence report is prepared exclusively at the discretion of and for the benefit of the court."  *Id.* (citing *United States v. Dingle*, 546 F.2d 1378, 1380–81 (10th Cir. 1976)).  Plaintiff has not alleged that Defendant Stephens was acting other than as an arm of the court.

The Court must dismiss a case if it finds that the plaintiff is seeking monetary relief against a defendant "who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(iii); *see also* 28 U.S.C. § 1915A(b).  Even assuming these defendants would not be entitled to immunity, "[i]n order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."  *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) (citations omitted).  Even bare, conclusory allegations of involvement are insufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.  There are no allegations that could plausibly give rise to a finding that these defendants personally participated in Plaintiff's alleged constitutional violations.  As stated above, the Court will not supply additional factual allegations to round out Plaintiff's Complaint or construct a legal theory on his behalf.

### C.  Under Color of State Law

Plaintiff's claim against Defendant Rudy, the attorney representing him in his state court criminal proceedings, must also be dismissed for failure to show he acted under color of state law.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 323 (1981); *see also McLaughlin v. Bd. of Trs. of State Coll. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (to bring a § 1983 claim, a plaintiff must show a "deprivation of a civil right by a 'person' acting under color of state law")). An attorney representing a private party, whether appointed or retained, acts on behalf of his client and not on behalf of the State.  *Polk*, 454 U.S. at 318–19, 321–23 (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009).  Thus, Plaintiff fails to state a claim for relief under § 1983 against Defendant Rudy.

### 2.  *Constitutional Violation*

The facts alleged in the Complaint fail to state a plausible federal constitutional violation. "The core inquiry under any § 1983 action, regardless of the analogous common law tort, is whether the plaintiff has alleged an actionable constitutional violation."  *Becker v. Kroll*, 494 F.3d 904, 913 (10th Cir. 2007).  The Tenth Circuit has held that although the "starting point" for the analysis of a § 1983 malicious prosecution claim is the common law elements of malicious prosecution, the ultimate question is "whether the plaintiff has proven a *constitutional* violation." *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) (emphasis in original).   The constitutional right violated is the Fourth Amendment's right to be free from unreasonable seizures.  *Id*; s*ee also Albright v. Oliver*, 510 U.S. 266, 271 n. 4 (1994) (plurality of the Supreme Court concluding that "substantive due process may not furnish the constitutional peg on which

to hang" a federal malicious prosecution tort); *see also Myers v. Koopman*, 738 F.3d 1190, 1193–94 (10th Cir. 2013) (dismissing Fourteenth Amendment claim because where state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state law malicious prosecution claim—will satisfy due process requirements).

A malicious prosecution claim under § 1983 includes the following elements:  "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."  *Sanchez v. Hartley*, 810 F.3d 750, 754 n.1 (10th Cir. 2016) (quoting *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008)).

Plaintiff has failed to allege any facts to support the elements set forth above.  The Kansas Court of Appeals reversed and remanded Plaintiff's criminal case, finding that the trial court erred in failing to instruct the jury on lesser included offenses.  *See State v. Howard*, No. 102,738, 2011 WL 867584 (Kan. Ct. App. March 11, 2011).  Plaintiff alleges that on remand, he was convicted of a Class A misdemeanor.  Plaintiff has the burden to show that the termination was favorable.  *Cordova v. City of Albuquerque*, 816 F.3d 645, 650 (10th Cir. 2016) (citing *Wilkins*, 528 F.3d at 803).  "[T]he plaintiff must show more than just the withdrawal or vacating of criminal charges—the plaintiff must demonstrate that the criminal proceedings were dismissed for reasons indicative of innocence, and not because of an agreement of compromise, an extension of clemency, or technical grounds having little or no relation to the accused's guilt."  *M.G. v. Young*, 826 F.3d 1259, 1262 (10th Cir. 2016) (citation omitted).  Plaintiff has not alleged that any defendant acted with malice or the absence of probable cause.

### 3. *Damages*

Plaintiff only seeks compensatory damages, which are barred by 42 U.S.C. § 1997e(e) because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## IV. Response Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause why his Complaint (Doc. 1) should not be dismissed for the reasons stated herein. The failure to file a timely, specific response waives de novo review by the District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Col. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 13, 2017,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 14th day of December, 2016.**


**s/ David J. Waxse**
**David J. Waxse**
**U. S. Magistrate Judge**